FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 SEP 21 PM 2: 10

J. KUBO
CLERK

| | |
|---|---|
| WOODRUFF K. SOLDNER | 4023-0 |
| MICHAEL R. CRUISE | 7334-0 |
| R. AARON CREPS | 8142-0 |

LEAVITT, YAMANE & SOLDNER
Pacific Guardian Center – Mauka Tower
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone: (808) 521-7474
Facsimile: (808) 521-7749

Attorneys for Plaintiff
CHALSA MARY LOO

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

KTN.

| | |
|---|---|
| CHALSA MARY LOO,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS EMMETT 2010, LLC, a foreign limited liability company, dba BISHOP SQUARE; JOHN DOES 1-10; DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 16-1-1781-09<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff CHALSA MARY LOO, by and through her attorneys, Leavitt, Yamane and Soldner, and for cause of action against Defendants above-named, alleges and avers as follows:

### PARTIES

1. At all times relevant herein, Plaintiff, CHALSA MARY LOO ("Plaintiff" or "Ms. Loo"), was and is a resident of the City and County of Honolulu, State of Hawaii.

2. At all times relevant herein, Defendant DOUGLAS EMMETT 2010, LLC ("Defendant") was and is a foreign limited liability company organized and existing under the laws of the State of Delaware and doing business as BISHOP SQUARE within the City and

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT "A"

County of Honolulu, State of Hawaii and engaged in business of owning and managing the property located at 1003 Bishop Street.

3. JOHN DOES 1-10 and DOE ENTITIES 1-10 (collectively "DOE Defendants") are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are persons and/or entities: ho were/are agents, masters, servants, employees, employers, representatives, co-venturers, associates, suppliers, vendors, manufacturers, sub-contractors, contractors and /or independent contractors of the named Defendant; and/or who were in some manner presently unknown to Plaintiff engages in activities alleged herein; and/or who are in some manner responsible for the injuries or damages to Plaintiff and/or who manufactured and/or designed and/or placed on the market a product which was defective, which defects were the proximate cause of the injuries or damages to Plaintiff; and/or who conducted some activity in a negligent or dangerous manner, which negligence or dangerous conduct was a proximate cause of the injuries or damages to Plaintiff; and/or who were in some manner related to the named Defendant. Plaintiff has reviewed the file concerning the incident which is described in this Complaint in an attempt to ascertain the names and identities of the persons and/or entities who are in some manner responsible for the injuries to the Plaintiff other than the named Defendant. However, Plaintiff at this time is unable to identify the names and identities of such other persons and/or entities until Plaintiff proceeds with discovery. Plaintiff prays leave to insert herein their "true names, identities, capacities, activities, and/or responsibilities" when the same are ascertained.

JURISDICTION AND VENUE

4. The Court has personal jurisdiction over the above-named Defendants pursuant to Haw. Rev. Stat. §634-35, as the subject tortious acts and injuries occurred in this Circuit, and

2

EXHIBIT "A"

Defendants either reside or have conducted business in this Circuit so as to subject themselves to the jurisdiction of the Court.

5. The Court has subject matter jurisdiction over the present action pursuant to Haw. Rev. Stat. §603-21.5.

6. Venue is proper in the Court pursuant to Haw. Rev. Stat. §634-36.

## COUNT I
### (Negligence)

7. Plaintiff incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

8. At all times relevant hereto, Defendant DOUGLAS EMMETT 2010, LLC owned, operated, and/or controlled the real property known as "Bishop Square", located at 1001 Bishop Street, Honolulu, Hawaii 96813 (hereinafter "Bishop Square").

9. Bishop Square consists of real property bounded on its four sides by Alakea Street, South King Street, Bishop Street and Hotel Street.

10. On the side of Bishop Square approaching Alakea Street a pedestrian access allows the public to walk from the center of the square to Alakea Street between the American Savings Bank Tower and certain retail stores, including Heaven on Earth salon.

11. Said pedestrian access is bounded in parts by planters.

12. One said planter adjacent to Heaven on Earth salon is bounded by a concrete curb that protrudes upward approximately 1.5 inches (the "curb").

13. Said curb is constructed of concrete material that is substantially similar to the walkway in color and texture.

14. Prior to November 26, 2014, more than one person had reported to Emmett that they had tripped and/or fallen on the curb.

3

EXHIBIT "A"

15. On or about November 26, 2014, Plaintiff was walking to an appointment at Heaven on Earth when she tripped and fell over the curb.

16. Plaintiff tripped and fell over the curb because its low height and undifferentiated color make it difficult to notice.

17. Defendant knew or reasonably should have known of the risk of danger caused by an obscure, uneven concrete curb and owed a duty to the public, including Plaintiff, to take reasonable steps to inspect their premises, including their concrete curbs, and eliminate any unreasonable risks of harm, or adequately warn against it.

18. Defendant, by allowing a concrete curb which borders a business entrance to remain obscure, allowing the uneven curb to remain a hazard where it was foreseeable that pedestrians, like Plaintiff, would occasionally step on it, and negligently breached their duty of care to Plaintiff.

19. Defendant is and at all relevant times had an obligation to maintain premises in a reasonably safe condition.

20. Defendant is and at all relevant times was responsible to inspect for unsafe conditions.

21. Defendant has a duty to not create tripping and falling hazards on the premises.

22. Defendant has a duty to guard the public against tripping and falling hazards on the premises.

23. Defendant has a duty to warn the public of tripping and falling hazards that exist on the premises.

24. Defendant knew or reasonably should have known that the condition of the subject protruding curb posed an unreasonable risk of harm to the public, including the Plaintiff.

EXHIBIT "A"

25. Defendant breached these duties and all others described herein to Plaintiff.

## COUNT II
(Damages)

26. Plaintiff incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

27. As a direct and proximate result of the above-described negligent acts and/or omissions of Defendant, Plaintiff suffered and continues to suffer from, among other injuries, myofascial pain to trapezius and neck, carpal tunnel syndrome to hands and wrists, bilateral knee pain and total left knee replacement surgery due to a medial meniscal tear.

28. As a further direct and proximate result of the above-described negligent acts and/or omissions of Defendant, Plaintiff has incurred medical and rehabilitation expenses and will continue to incur medical expenses in the future.

29. As a further direct and proximate result of the above-described negligent acts and/or omissions of Defendant, Plaintiff has lost earnings and suffered a diminished earning capacity in an amount to be proven at trial.

30. As a further direct and proximate result of the above described negligent acts and/or omissions of Defendant, Plaintiff was caused to suffer pain, emotional distress, mental anguish, and loss of enjoyment of life. Plaintiff will continue to suffer pain, emotional distress, mental anguish and loss of enjoyment of life in the future all as a result of the injuries described herein.

31. Defendant's conduct was a substantial factor and a legal cause of the injuries and damages sustained by Plaintiff as herein alleged and Defendants, and each of them, is liable to Plaintiff for the injuries and damages legally caused by the conduct alleged herein in an amount to be proven at trial.

EXHIBIT "A"

### COUNT III
### (Punitive Damages)

32. Plaintiff incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

33. The conduct of Defendants that resulted in causing injuries and damage to Plaintiff was willful, wanton, malicious, oppressive, grossly negligent and committed in knowing disregard of the rights of the Plaintiff.

34. As a result of said conduct, Plaintiff is entitled to an award of punitive damages.

### COUNT IV
### (DOE Defendants)

35. Plaintiff incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. Special damages in an amount to be shown at the time of trial;

B. General damages in an amount to be shown at the time of trial and in excess of the minimal jurisdictional amount of this Court;

C. Prejudgment interest at the statutory rate from November 26, 2014, until judgment is entered;

D. Punitive damages;

E. Attorneys' fees and costs of suit; and

EXHIBIT "A"

F.  Such other and further relief as the Court may deem just and equitable in the premises.

DATED: Honolulu, Hawaii, _____SEP 2 1 2016_____.

_____
WOODRUFF K. SOLDNER
MICHAEL R. CRUISE
R. AARON CREPS

Attorneys for Plaintiff
CHALSA MARY LOO

7

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| CHALSA MARY LOO,<br><br>          Plaintiff,<br><br>vs.<br><br>DOUGLAS EMMETT 2010, LLC, a foreign limited liability company, dba BISHOP SQUARE; JOHN DOES 1 10; DOE ENTITIES 1-10,<br><br>          Defendants. | Civil No. 16-1-1781-09  KTN<br>(Other Non-Vehicle Tort)<br><br>DEMAND FOR JURY TRIAL |

### DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys, LEAVITT, YAMANE & SOLDNER, hereby demand trial by jury on all issues triable herein.

DATED: Honolulu, Hawaii, SEP 2 1 2016

WOODRUFF K. SOLDNER
MICHAEL R. CRUISE
R. AARON CREPS
LEAVITT, YAMANE & SOLDNER

Attorneys for Plaintiff
CHALSA MARY LOO

EXHIBIT "A"

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>16-1-1781-09 |
|---|---|---|
| PLAINTIFF,<br>CHALSA MARY LOO | VS. | DEFENDANT.<br>DOUGLAS EMMETT 2010, LLC, a foreign limited liability company, dba BISHOP SQUARE; JOHN DOES 1 10; DOE ENTITIES 1-10 |

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)

WOODRUFF K. SOLDNER   4023-0
MICHAEL R. CRUISE   7334-0
R. AARON CREPS   8142-0
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone: (808) 521-7474

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon Woodruff K. Soldner, Michael R. Cruise and R. Aaron Creps of Leavitt Yamane & Soldner, plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED<br>SEP 21 2016 | CLERK<br>JBO | |
|---|---|---|
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, If you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)   SUMMONS TO ANSWER CIVIL COMPLAINT 1C-P-787

EXHIBIT "A"